**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000089**
**29-JUN-2012**
**08:57 AM**

NO. CAAP-11-0000089

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DENNIS KAULIA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(North and South Kona Division)
(Report Nos. C09013100/KN; C09013107/KN; C09013108/KN)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Reifurth, JJ.)

Defendant-Appellant Dennis Kaulia (Kaulia) appeals from
the Judgment of Conviction and Sentence (Judgment) filed on
January 18, 2011, in the District Court of the Third Circuit
(District Court).  After a bench trial, the District Court found
Kaulia guilty of third-degree assault committed in the course of
a mutual affray, in violation of HRS § 707-712(1)(a) and (2)
(1993), which is a petty misdemeanor offense.[1]  The District

---

[1] HRS § 707-712 provides in relevant part as follows:

(1) A person commits the offense of assault in the third
degree if the person:

(a)    Intentionally, knowingly, or recklessly causes bodily
injury to another person; . . .

. . . .

(2) Assault in the third degree is a misdemeanor unless
committed in a fight or scuffle entered into by mutual consent, in
which case it is a petty misdemeanor.

Court sentenced Kaulia to a one-year term of probation, subject to the condition that he serve thirty days of imprisonment, and imposed restitution of $425.48 and $120 in fees.

On appeal, Kaulia argues that: (1) the courts of the State of Hawai'i did not have subject matter jurisdiction over his case; (2) the Circuit Court of the Third Circuit (Circuit Court) erred in precluding him from calling a witness to present evidence concerning the Kingdom of Hawai'i in support of his motion to dismiss the case for lack of jurisdiction; (3) the District Court violated Kaulia's rights to due process and confrontation by holding the trial without Kaulia being present; (4) there was insufficient evidence to negate his claim of self-defense; and (5) Kaulia's sentence was illegal because it violated sentencing provisions applicable to petty misdemeanors.[2]  As discussed below, we affirm Kaulia's conviction, but vacate his sentence and remand the case for resentencing.

I.

We resolve the arguments raised by Kaulia on appeal as follows.

1.    Kaulia's claim that the courts of the State of Hawai'i lacked subject matter jurisdiction over his criminal prosecution is without merit.  See State v. Jim, 105 Hawai'i 319, 330-31, 97 P.3d 395, 406-07 (App. 2004) ("[T]he state's criminal jurisdiction encompasses all areas within the territorial boundaries of the State of Hawai'i."); HRS § 701-106 (1993) ("**Territorial applicability**. (1) Except as otherwise provided in this section, a person may be convicted under the law of this State of an offense committed by the person's own conduct or the conduct of another for which the person is legally accountable

---

[2] The Circuit Court, the Honorable Elizabeth A. Strance presiding, was responsible for resolving Kaulia's motion to dismiss for lack of subject matter jurisdiction.  The District Court, the Honorable Joseph P. Florendo, Jr., presiding, was responsible for the other matters challenged by Kaulia on appeal.

if: (a) Either the conduct or the result which is an element of the offense occurs within this State[.]" (format altered)).

2. The Circuit Court did not err in precluding Kaulia from calling a witness to present evidence concerning the Kingdom of Hawai'i in support of his motion to dismiss case for lack of jurisdiction. See State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004) (concluding, in a case involving a defendant charged with violating Hawai'i traffic laws, that "[p]ersons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) . . . ."), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004).

3. The District Court did not violate Kaulia's rights to due process and confrontation by holding the trial without Kaulia being present. Kaulia waived those rights by voluntarily walking out of the courtroom after his case had been called for trial and after the District Court warned Kaulia that if he left, the trial would be held in his absence. See State v. Caraballo, 62 Haw. 309, 323, 615 P.2d 91, 100 (1980) (concluding that "where [a] defendant has voluntarily absented himself after the trial has begun, this operates as a waiver of his right to be present and the trial may continue as if he were present"); Hawai'i Rules of Penal Procedure Rule 43(b) (2008) ("[T]he defendant shall be considered to have waived the right to be present whenever a defendant, initially present, (1) is voluntarily absent after the hearing or trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial)[.]" (formatting altered)).

4. When viewed in the light most favorable to the prosecution, see State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981), there was sufficient evidence to negate Kaulia's claim of self-defense. The evidence showed that Kaulia

took the first swing at the complaining witness (CW) and later struck the CW by backhanding the CW in the face, causing injury. Substantial evidence was presented at trial to show that Kaulia's actions were not justified by self-defense.

5.   The District Court erred in sentencing Kaulia to a one-year term of probation subject to the condition that he serve thirty-days of incarceration.   Kaulia was convicted of third-degree assault committed in the course of a mutual affray, which is a petty misdemeanor.   HRS § 707-712(2).

The maximum authorized term of imprisonment for Kaulia's petty misdemeanor conviction was thirty days.   HRS § 706-663 (1993).   The maximum authorized term of probation for Kaulia's petty misdemeanor conviction was "[s]ix months . . . ; provided that up to one year may be imposed upon a finding of good cause."   HRS 706-623(1)(d) (Supp. 2008).   The District Court was also authorized to impose, as a condition of a sentence of probation, that Kaulia serve up to five days of imprisonment. HRS § 706-624(2)(a) (Supp. 2011).

The District Court did not make the predicate finding of good cause and therefore did not satisfy the requirements for imposing a one-year term of probation for Kaulia's petty misdemeanor conviction.   In addition, although the maximum term of imprisonment is thirty days for a petty misdemeanor, the District Court was not authorized to impose the thirty-day term of imprisonment as a condition of probation.   If imposed as a condition of probation, the term of imprisonment was limited to a maximum of five days.

Plaintiff-Appellee State of Hawai'i concedes that the sentence imposed on Kaulia was illegal.   We vacate Kaulia's sentence and remand the case for resentencing in accordance with the applicable sentencing statutes.

II.

Based on the foregoing, we affirm Kaulia's conviction. We vacate the District Court's Judgment with respect to the sentence imposed on Kaulia, and we remand the case for resentencing.

DATED: Honolulu, Hawai'i, June 29, 2012.

On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge